UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM LINDSAY                                             Case No.

       Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA

A Foreign Corporation,

       Defendant.

## COMPLAINT

The Plaintiff, William Lindsay, by and through undersigned counsel, hereby sues LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter referred to as "LINA") and files this Complaint, alleging:

### GENERAL ALLEGATIONS

1. This is an action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, et seq., specifically §1132 (a)(1)(b).

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

3. Venue is proper in the United States District Court for the Middle District of Florida, where the breach of the employee benefits contract between the parties took place.

4. At all times material hereto, Mr. Lindsay was covered under a policy of short-term disability insurance through the Defendant, LINA. A copy of the short-term

disability insurance policy is attached hereto as Exhibit "A."

5. LINA is a foreign corporation doing business in Brevard County, Florida.

6. At all times material hereto, Mr. Lindsay was covered under an employee welfare benefit plan sponsored by his employer, which provided short-term disability insurance benefits through a policy of short-term disability insurance benefits funded and administered by the Defendant LINA as well as other valuable benefits.

7. The plan is an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. §1002(1) and may be sued under ERISA as an entity, pursuant to 29 U.S.C. §1132(d)(1).

8. The policy of disability insurance which funds these benefits is both underwritten and administered by LINA, which was the fiduciary of the employee benefits plan established by Mr. Lindsay's employer, and which may be sued under ERISA as an entity, pursuant to 29 U.S.C. §1132(d)(1).

9. Defendant LINA is and/or was at all times relevant to this litigation a "plan fiduciary" within the meaning of 29 U.S.C. §1104.

10. Defendant LINA makes the final decision to deny claims under the policy of short-term disability insurance providing benefits to Mr. Lindsay and bore the ultimate responsibility for paying said claims for benefits, creating an inherent conflict of interest between LINA's duties to the plaintiff as an ERISA fiduciary and its duties to its

shareholders as a for-profit corporation under federal law.

11. Defendant LINA has a serious conflict of interest and bears the burden of establishing that its decision was not arbitrary or capricious, wrong, or unreasonable.

12. Defendant LINA has failed to apply the provisions of the plan consistently with respect to similarly situated claimants, including Mr. Lindsay himself. In fact, LINA has approved Mr. Lindsay's claim for long-term disability benefits covering the same period that it has denied his claim for short-term disability benefits at issue in this action.

13. Defendant's notice of denial failed to comply with 29 CFR 2560.503-1(f) as well as the "full and fair review" provisions of ERISA.

14. Defendant's plan documents fail to comply with 29 CFR 2560.503-1 as well as the "full and fair review" provisions of ERISA.

15. Defendant has failed to comply with its own internal rules, guidelines, protocols, and/or other similar criteria relied upon in making the adverse determination referenced herein, failing to provide a copy of same to Plaintiff and failing to state that same will be provided upon request in its denial of Plaintiff's appeal as required by 29 CFR 2560.503-1(j).

16. In addition, the Defendant has failed to comply with the provisions of 29 CFR 2560.503-1(b), 29 CFR 2560.503-1(f), 29 CFR 2560.503-1(g), 29 CFR 2560.503-1(h) and 29 CFR 2560.503-1(I) in its administration of Plaintiff's claim.

17. Plaintiff has exhausted administrative remedies before filing this action or the requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act, or otherwise rendered unnecessary under the statutes, administrative regulations promulgated by the Secretary of Labor, and/or common law regulating the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001, et seq..

18. A copy of this Complaint is contemporaneously filed with the Secretary of Labor.

## COUNT ONE
### Action to Recover Plan Benefits
### Pursuant to 29 U.S.C. §1132 (a)(1)(B)
### Against LINA

19. Plaintiff realleges and reavers paragraphs 1 through 18 of this Complaint, incorporating the same by reference as if specifically reinstated herein.

20. Mr. Lindsay was and is "disabled," as the term was defined in the short-term disability insurance policy funded and administered by LINA at all times material hereto.

21. Defendant LINA has failed and refused to pay the Plaintiff, Mr. Lindsay, sums due pursuant to the disability insurance policy funded and administered by LINA, at all times material hereto.

22. Defendant LINA has subjected the Plaintiff to an unreasonable claims

process pursuant to 29 CFR 2560.503-1 and has denied coverage under the terms of the plan.

23. The Plaintiff, Mr. Lindsay, is accordingly entitled to present evidence of disability under the de novo standard to this Honorable Court.

24. The Plaintiff, Mr. Lindsay is entitled to recover attorneys' fees as authorized by 29 U.S.C. §1132(g).

**WHEREFORE**, the Plaintiff, Mr. Lindsay, prays for relief from Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA for benefits due pursuant to the contract of short-term disability insurance funded by insurance premiums paid to Defendant under the employee welfare benefit plan pursuant to 29 U.S.C. §1132(1)(1)(B), plus interest, costs, attorney' fees pursuant to 29 U.S.C. §1132 (g), and such other relief as the Court may deem appropriate.

Respectfully submitted,

_____
William S. Coffman, Jr. Esquire
Florida Bar No. 0188158
**COFFMAN LAW**
15436 N. Florida Avenue, Suite 103
Tampa, Florida 33613
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff